UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| STEPHANIE SCHURMAN a/k/a Stephanie Amanda Schurman,<br><br>Plaintiff,<br><br>vs.<br><br>MARK PAYER, in his official capacity; JIM VHLAHAKIS, in his official capacity; YANKTON COUNTY JAIL,<br><br>Defendants. | 4:21-CV-04156-KES<br><br><br><br>ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS AND 1915A SCREENING |

Plaintiff, Stephanie Schurman, an inmate at the Yankton County Jail, filed a pro se civil rights lawsuit under 42 U.S.C. § 1983. Docket 1.[1] Schurman moves to proceed in forma pauperis and has included her prisoner trust account report. Dockets 2, 5.

I.  **Motion to Proceed Without Prepayment of Fees**

Schurman reports average monthly deposits of $57.60 and an average monthly balance of *negative* $100.80. Docket 5 at 1. Under the Prison Litigation Reform Act (PLRA), a prisoner who "brings a civil action or files an appeal in forma pauperis . . . shall be required to pay the full amount of a filing

---

[1] Schurman does not provide facts regarding the reason why she is detained at the Yankton County Jail or her expected release date. *See* Docket 1. She provides an address other than that of the Yankton County Jail as her home address. Regardless, because she filed a prisoner trust account report and she claims to be currently incarcerated, this court will treat Schurman as a current prisoner for purposes of screening under 28 U.S.C. § 1915A. *See id.* at 3.

fee." 28 U.S.C. § 1915(b)(1). "[W]hen an inmate seeks pauper status, the only issue is whether the inmate pays the entire fee at the initiation of the proceeding or over a period of time under an installment plan." *Henderson v. Norris*, 129 F.3d 481, 483 (8th Cir. 1997) (quoting *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997)).

The initial partial filing fee that accompanies an installment plan is calculated according to 28 U.S.C. § 1915(b)(1), which requires a payment of 20 percent of the greater of

> (A) the average monthly deposits to the prisoner's account; or
> (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.

Based on the information regarding Schurman's prisoner trust account, the court grants Schurman leave to proceed without prepayment of fees and waives the initial partial filing fee. *See* 28 U.S.C. § 1915(b)(4) ("In no event shall a prisoner be prohibited from bringing a civil action . . . for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee.").

In order to pay her filing fee, Schurman must "make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account." 28 U.S.C. § 1915(b)(2). The statute places the burden on the prisoner's institution to collect the additional monthly payments and forward them to the court as follows:

> After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency

2

> having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. § 1915(b)(2). The installments will be collected pursuant to this procedure. The Clerk of Court will send a copy of this order to the appropriate financial official at Schurman's institution. Schurman remains responsible for the entire filing fee, as long as she is a prisoner. *See In re Tyler*, 110 F.3d 528, 529-30 (8th Cir. 1997).

## II.     1915A Screening

### A.     Factual Background

The facts alleged in Schurman's complaint are: that while incarcerated in the Yankton County Jail, Schurman expressed a concern to Mark Payer, a Yankton County Jail employee, that her legal mail was not being sent out. Docket 1 at 3. Schurman alleges that Payer retaliated against her for making this complaint by instituting a policy charging Schurman and other pro se litigant inmates 25 cents per page for legal copies and 41 cents per minute for legal phone calls. *Id.* Schurman also alleges that pro se litigant inmates are required to pay for postage and envelopes for legal mail and that they cannot use postage or envelopes brought to the jail from outside. *Id.* She claims that she submitted a grievance to Jim Vhlahakis, a Yankton County Jail employee who is superior to Payer, but she received no response. *Id.* She also claims that she has already paid over $700 into the jail under this policy, that her jail account balance is currently negative $426.17, and that the Yankton County Jail is threatening to place a lien on her property because of her negative jail

3

account balance. *Id.* She alleges that she has been unable to pay filing fees for appeals in cases she is currently litigating and that a habeas corpus petition she sought to file was denied because it was untimely. *Id.* at 1, 3.

Schurman brings claims against Mark Payer, Jim Vhlahakis, and the Yankton County Jail for denial of her right to due process and her right to access the courts. *Id.* She also brings claims against Payer, Vhlahakis, and the Yankton County Jail for retaliation against her for exercising her right to access the courts. *Id.* at 3. Schurman does not state the capacity in which she sues Payer and Vhlahakis. *See id.* at 1-2. If a plaintiff does not specific the capacity in which he or she sues a defendant, the suit is treated as only including official capacity complaints. *Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 619 (8th Cir. 1995); *Nix v. Norman*, 879 F.2d 429, 431 (8th Cir. 1989). Thus, Schurman sues Payer and Vhlahakis in their official capacities. Schurman seeks $1,500 to refund what she has paid for phone calls, copies, postage, and envelopes and $500 to make up for her current negative balance. Docket 1 at 4.

### B. Legal Background

The court must assume as true all facts well pleaded in the complaint. *Estate of Rosenberg v. Crandell*, 56 F.3d 35, 36 (8th Cir. 1995). Pro se and civil rights complaints must be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Bediako v. Stein Mart, Inc.*, 354 F.3d 835, 839 (8th Cir. 2004). Even with this construction, "a pro se complaint must contain specific facts supporting its conclusions." *Martin v. Sargent,* 780 F.2d 1334, 1337 (8th Cir.

1985); *see also Ellis v. City of Minneapolis*, 518 F. App'x 502, 504 (8th Cir. 2013). Civil rights complaints cannot be merely conclusory. *Davis v. Hall*, 992 F.2d 151, 152 (8th Cir. 1993); *Parker v. Porter*, 221 F. App'x 481, 482 (8th Cir. 2007).

A complaint "does not need detailed factual allegations . . . [but] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). If it does not contain these bare essentials, dismissal is appropriate. *Beavers v. Lockhart*, 755 F.2d 657, 663 (8th Cir. 1985). *Twombly* requires that a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all of the allegations in the complaint are true[.]" *Twombly*, 550 U.S. at 555 (internal citation omitted); *see also Abdullah v. Minnesota*, 261 F. App'x 926, 927 (8th Cir. 2008) (noting that a "complaint must contain either direct or inferential allegations respecting all material elements necessary to sustain recovery under some viable legal theory"). Under 28 U.S.C. § 1915A, the court must screen prisoner complaints and dismiss them if they "(1) [are] frivolous, malicious, or fail[] to state a claim upon which relief may be granted; or (2) seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

5

### C.    Legal Analysis

#### 1.    Claims Against Yankton County Jail

Schurman brings claims against the Yankton County Jail. Docket 1 at 1. The Eighth Circuit Court of Appeals has held that "county jails are not legal entities amenable to suit." *Owens v. Scott Cnty. Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003) (per curiam). Also, a county jail "cannot be held vicariously liable for the actions of its employees." *Larsen v. Minnehaha Cnty. Jail*, 2008 WL 4753756, at *2 (D.S.D. Oct. 24, 2008). Thus, Schurman's claims against the Yankton County Jail are dismissed without prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(l).

#### 2.    Claims Against Payer and Vhlahakis

Schurman brings claims against Payer and Vhlahakis in their official capacities. *See* Docket 1 at 2. Payer and Vhlahakis were employees of Yankton County at the time of the incidents in question. *See id.* at 2-3. "A suit against a government officer in his official capacity is functionally equivalent to a suit against the employing governmental entity." *Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010). Schurman's official capacity claims against Payer and Vhlahakis are equivalent to claims against Yankton County.

"[A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). "[I]t is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government

6

as an entity is responsible under § 1983." *Id.*; *see also Clay v. Conlee*, 815 F.2d 1164, 1170 (8th Cir. 1997) (finding that "the [governmental] entity's official 'policy or custom' must have 'caused' the constitutional violation" in order for that entity to be liable under § 1983).

To establish governmental liability premised on an unofficial custom rather than an official policy, a plaintiff must allege facts to support a finding of "a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees" and "deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct[.]" *Brewington v. Keener*, 902 F.3d 796, 801 (8th Cir. 2018) (quoting *Corwin v. City of Independence*, 829 F.3d 695, 700 (8th Cir. 2016)). A § 1983 complaint does not need to "specifically plead the existence of an unconstitutional policy or custom to survive a motion to dismiss." *Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 591 (8th Cir. 2004) (citing *Doe ex rel. Doe v. Sch. Dist.*, 340 F.3d 605, 614 (8th Cir. 2003)). But the complaint must still include some allegation, reference, or language that creates an inference that the conduct resulted from an unconstitutional policy or custom. *Id.*; *see also Doe*, 340 F.3d at 614 ("At a minimum, a complaint must allege facts which would support the existence of an unconstitutional policy or custom.").

### a. Access to the Courts Claims

Schurman alleges that Payer and Vhlahakis restricted her right to access the courts in violation of her First Amendment rights. Docket 1 at 1, 3. "The

7

Constitution guarantees prisoners a right to access the courts." *White v. Kautzky*, 494 F.3d 677, 679 (8th Cir. 2007). To succeed on a claim for denial of access to the courts, a plaintiff must show that she suffered actual injury as a result of the defendants' actions. *Lewis v. Casey*, 518 U.S. 343, 349 (1996). In order to satisfy the actual injury requirement, a plaintiff must "demonstrate that a nonfrivolous legal claim had been frustrated or was being impeded." *Johnson v. Missouri*, 142 F.3d 1087, 1089 (8th Cir. 1998) (quoting *Lewis*, 518 U.S. at 353). Further, because these are official capacity claims, the injury must be caused by a policy or custom. *Clay*, 815 F.2d at 1170.

Schurman claims that the cost of copies, mail supplies, and legal phone calls has kept her from making legal filings. Docket 1 at 3. These costs are set by Yankton County Jail policy. *See id.* Further, she identifies a habeas petition and appeals that have been frustrated by her inability to afford the costs to file them. *Id.* at 1, 3. Thus, she has satisfied the actual injury requirement for screening purposes and shown that the injury was caused by a Yankton County Jail policy. For purposes of screening, Schurman has alleged sufficient facts to support a First Amendment access to the courts claim against Payer and Vhlahakis in their official capacities.

### b. Retaliation Claims

Schurman alleges that Payer and Vhlahakis retaliated against her for attempting to exercise her right to access the courts. *Id.* at 3. Specifically, she alleges that she complained about her legal mail not being sent, after which Payer instituted a policy charging inmates for copies, mail supplies, and legal

8

phone calls. *Id.* To allege a First Amendment retaliation claim, a plaintiff must "show (1) he engaged in a protected activity, (2) the government official took adverse action against him that would chill a person of ordinary firmness from continuing in the activity, and (3) the adverse action was motivated at least in part by the exercise of the protected activity." *Spencer v. Jackson County*, 738 F.3d 907, 911 (8th Cir. 2013) (quoting *Revels v. Vincenz*, 382 F.3d 870, 876 (8th Cir. 2004)). "[T]he plaintiff must show the official took the adverse action because the plaintiff engaged in the protected [activity]." *Revels*, 382 F.3d at 876.

Because these claims have been alleged against Payer and Vhlahakis in their official capacities, Schurman must show that her injury was caused by a policy or custom under *Clay*. Although she alleges that Payer retaliated against her by imposing a policy, she does not allege that the retaliation, which is the injury in question, was caused by a policy. *See* Docket 1 at 3. To make such a claim, Schurman would have to allege that the Yankton County Jail, through the actions of Payer or Vhlahakis, had a policy of retaliating against inmates who attempted to engage in protected activities. Schurman makes no allegations regarding such a policy. Nor does she show that there is an unofficial custom of retaliation because she does not allege a pattern of unconstitutional misconduct as required by *Brewington*. Thus, Schurman's First Amendment retaliation claims against Payer and Vhlahakis in their official capacities are dismissed without prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(l).

9

### c.   Due Process Claims

Schurman alleges that Payer and Vhlahakis have violated her right to due process under the Fourteenth Amendment because the negative balance of her account will result in a lien on her property. *Id.* at 1. Under the Fourteenth Amendment, a "State [cannot] deprive any person of life, liberty, or property, without due process of law[.]" U.S. Const. amend. XIV, § 1. Schurman's due process claim under the Fourteenth Amendment fails because she has not yet suffered a deprivation. Instead, she merely alleges that a lien will result on her property. *See* Docket 1 at 1, 3.

Further, even an intentional deprivation of property does not state a due process claim under the Fourteenth Amendment if there is an adequate post-deprivation remedy. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). SDCL § 44-2-9 recognizes a cause of action for the filing of a lien statement without reasonable grounds, and SDCL § 21-3-3 recognizes a cause of action for wrongful conversion of personal property. Thus, even if Payer and Vhlahakis wrongly filed a lien or intentionally deprived Schurman of her property, they would not have violated her right to due process. *Hudson*, 468 U.S. at 535. Schurman's due process claims against are dismissed under 28 U.S.C. §§ 1915(e)(B)(ii) and 1915A(b)(1).

Thus, it is ORDERED:

1. That Schurman's motion to proceed in forma pauperis (Docket 2) is granted.

2. That the institution having custody of Schurman is directed that whenever the amount in Schurman's trust account, exclusive of funds available to her in her frozen account, exceeds $10.00, monthly payments that equal 20 percent of the funds credited the preceding month to Schurman's trust account shall be forwarded to the U.S. District Court Clerk's Office under 28 U.S.C. § 1915(b)(1), until the $402 filing fee is paid in full.

3. That Schurman's motion to electronically file documents (Docket 6) is granted.

4. That Schurman's First Amendment claims for violation of her right to access the courts against Mark Payer and Jim Vhlahakis in their official capacities survive § 1915 screening.

5. That Schurman's claims against the Yankton County Jail are dismissed without prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(l).

6. That all of Schurman's other claims against Payer and Vhlahakis in their official capacities are dismissed without prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(l).

7. That the Clerk shall send blank summons forms and Marshal Service Form (Form USM-285) to Schurman so that she may cause the complaint to be served upon defendants Payer and Vhlahakis.

8. That Schurman shall complete and send the Clerk of Court a separate summons and USM-285 form for defendants Payer and

Vhlahakis. Upon receipt of the completed summons and USM-285 forms, the Clerk of Court will issue the summons. If the completed summons and USM-285 form are not submitted as directed, the complaint may be dismissed.

9. The United States Marshal Service shall serve the completed summonses, together with a copy of the complaint (Docket 1) and this order, upon defendants Payer and Vhlahakis.

10. Defendants Payer and Vhlahakis will serve and file an answer or responsive pleading to the complaint on or before 21 days following the date of service or 60 days if the defendants fall under Fed. R. Civ. P. 12(a)(2) or (3).

11. Schurman will keep the court informed of her current address at all times. All parties are bound by the Federal Rules of Civil Procedure and by the court's Local Rules while this case is pending.

Dated January 6, 2022.

                BY THE COURT:

                /s/ *Karen E. Schreier*
                KAREN E. SCHREIER
                UNITED STATES DISTRICT JUDGE