UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| STEPHANIE SCHURMAN,<br><br>                    Plaintiff,<br><br>vs.<br><br>MARK PAYER, JIM VHLAHAKIS, YANKTON COUNTY JAIL,<br><br>                    Defendants. | 4:21-CV-04156-KES<br><br>ORDER AS TO MOTIONS AT DOCKET NOS. 22, 25, 28 & 35 |

**INTRODUCTION**

This matter is before the court on the *pro se* complaint of plaintiff Stephanie Schurman alleging claims under 42 U.S.C. § 1983. See Docket No. 1. Now pending are two motions by Ms. Schurman (Docket Nos. 22 and 25) and two motions by defendants (Docket Nos. 28 and 35), all of which have been referred to this magistrate judge for decision pursuant to 28 U.S.C. § 636(b)(1)(A) and Local Rule 57.11.

**FACTS**

**A.  Background and Claims**

Ms. Schurman became involved in the state court criminal system when she was convicted of possessing methamphetamine. She was sentenced on June 11, 2019. She was given three years' incarceration, but that sentence

was suspended and she was placed on probation. After violating the terms of probation twice, the state circuit court revoked Ms. Schurman's probation and sentenced her to five years' imprisonment with two years suspended on May 28, 2020.

Ms. Schurman filed an untimely direct appeal to the South Dakota Supreme Court, which rejected the appeal because it was untimely. She did not file a habeas petition in state court.

She filed a federal habeas petition pursuant to 28 U.S.C. § 2254 on September 28, 2020. See Schurman v. Warden, Pierre Women's Prison, 4:20-CV-04140-KES (D.S.D. Sept. 28, 2020). Because state prisoners must first present their habeas claims in state court before presenting those claims in federal court, this magistrate judge recommended Ms. Schurman's petition be dismissed without prejudice so that she could exhaust her remedies in state court by presenting her claims in state court first. Id. at Docket No. 13. The district court adopted that recommendation and dismissed Ms. Schurman's petition without prejudice. Id. at Docket Nos. 16 and 17.

While Ms. Schurman's first federal habeas petition was pending, she was paroled from prison on October 20, 2020. On March 21, 2021, she was indicted by a state court grand jury and charged with possessing methamphetamine on March 8, 2021. On April 7, 2021, she was released from pretrial detention on her new charges, but continued to be detained on a parole hold from her 2019 conviction. Ms. Schurman filed her second § 2254 petition

2

with this court on April 9, 2021. Schurman v. Payer, 4:21-CV-04059-KES (D.S.D.).

Although this court explained to Ms. Schurman in detail in her first habeas petition the requirement that she exhaust her claims in state court first before presenting them in federal court, Ms. Schurman again failed to exhaust her claims in state court before filing her second federal habeas petition. Id. at Docket No. 7.

The court again explained that Ms. Schurman needed to exhaust her claims by presenting them in state court first before the federal courts could consider those claims on the merits. Id. at Docket No. 15. The court noted that Ms. Schurman had until May 28, 2022, to file a state habeas petition so that she could exhaust her claims in state court. Id. at p. 7. At the time this court advised Ms. Schurman (for the second time) of her responsibility to exhaust in state court, she still had 11 months in which to do so. Id.

This magistrate judge again recommended Ms. Schurman's second § 2254 petition be dismissed without prejudice in order that she could present her claims in state court. Id. The district court agreed and again dismissed Ms. Schurman's second federal habeas petition. Id. at Docket Nos. 22 & 23.

Ms. Schurman filed late objections to this court's report and recommendation. Id. at Docket No. 24. However, those objections did not cure the reason for the dismissal: Ms. Schurman admitted that she had failed to exhaust her claims in state court. Id. She argued that the state court had

denied her Due Process rights during her criminal case and, therefore, could not be trusted to handle her habeas claims. Id.

Ms. Schurman filed the instant civil complaint pursuant to § 1983 on September 20, 2021. Docket No. 1. She alleges the defendants are violating her First, Sixth, and Fourteenth Amendment right of access to the courts by charging her 25 cents a page for legal copies and 41 cents per minute for legal phone calls. Id. pp. 2-3. She alleges that defendants' actions resulted in denial of her petition for habeas corpus (her second federal § 2254 petition) because it was untimely.[1] Id. at p. 1. For relief she seeks a refund of $1,500 she claims she has paid in legal phone call expenses, legal copies, and envelopes she has had to purchase with her own money because defendants did not provided her with envelopes. Id.

Ms. Schurman was apparently released from detention as she updated her address with this court on May 6, 2022, to an address that is a single family home. Docket No. 12.

**B.   Prior Motions in This Civil Action**

Ms. Schurman previously filed a motion to admit four exhibits and for issuance of a subpoena *duces tecum*. Docket No. 15. In this document, Ms. Schurman clarified that the habeas claim which she alleges was denied for being untimely was her second federal habeas petition. Id. at p. 1. She claims

---

[1] In fact, neither of her federal petitions were dismissed because they were untimely. They were both dismissed for failure to exhaust claims in state court. The only thing that was "untimely" was Ms. Schurman's objections to the report and recommendation in her second federal habeas case. The petition itself was timely.

she mailed objections to this magistrate judge's report and recommendation in a timely manner, but that defendants caused her objections to be received by this court after the deadline for making objections had expired. Id. at pp. 1-2. The district court denied this motion to admit exhibits, explaining that exhibits are only admitted during a hearing or trial. Docket No. 19. Because there was not a hearing or trial that had been held, it was not proper to move to admit exhibits at this juncture of the lawsuit. Id.

Ms. Schurman also filed two separate motions for subpoenas *duces tecum*, one to the jail phone service provider, Reliance Telephone, Inc. (Docket No. 13), and another to Yankton County Jail (Docket No. 14). The district court denied Ms. Schurman's motion for a subpoena *duces tecum* to the jail, explaining that subpoenas are not the proper vehicle to obtain discovery from a party, such as defendant Yankton County Jail. Docket No. 18. The court explained to Ms. Schurman that she should serve the jail with requests for the production of documents and interrogatories as those were the proper discovery vehicles for parties. Id.

The district court granted in part and denied in part Ms. Schurman's motion for a subpoena to Reliance Telephone, Inc. Docket No. 20. The court directed the clerk's office to issue a signed but otherwise blank subpoena to Ms. Schurman so that she could complete the subpoena and serve it on the non-parties. Id.

### C. Current Motions

#### 1. Docket No. 22

This pleading was filed by Ms. Schurman as a "reply" to the motions at Docket Nos. 13-15 discussed above. Docket No. 22. In the motion she asks the court to issue an order to show cause why Yankton County Jail should not comply with her subpoenas. Id. She asserts she wanted to "admit" her exhibits because they are relevant to the issues raised in her complaint and defendants' answer. Id.

#### 2. Docket No. 25

This pleading is styled as a motion to update Ms. Schurman's request for damages. Docket No. 25. To the $1,500 she asked for in her complaint, she seeks to add a request for $3,781.00 for the costs of her court-appointed lawyer in her "underlying" state court criminal case as well as the $1,295.00 she was charged for the costs of her incarceration. Id.

#### 3. Defendant's Motion to Compel, Docket No. 28

Defendants allege they served Ms. Schurman with interrogatories and requests for the production of documents on May 13, 2022. Docket No. 28. Those requests would have required Ms. Schurman to file written responses and produce copies of documents by June 13, 2022. See Fed. R. Civ. P. 33 and 34. Ms. Schurman did not respond to defendants' discovery requests in any fashion. Docket No. 28.

Accordingly, defendants' counsel sent Ms. Schurman a letter inquiring about her responses on June 20, 2022. Id. When defendants' counsel received

6

no response to the letter, he filed the instant motion to compel.  Id.  Defendants seek an award of attorneys fees pursuant to Rule 37 for having to file the motion to compel.  Id.

### 4. Defendant's Motion, Docket No. 35

Despite the district court's guidance to Ms. Schurman that she cannot use a subpoena to obtain documents from a party, Ms. Schurman served Yankton County Jail with a subpoena approximately one month after the expiration of the discovery deadline contained in the district court's scheduling order.  Docket No. 37.  Ms. Schurman did not move to extend the discovery deadline.  Defendant Yankton County Jail seeks to have the subpoena quashed on the grounds that it was served outside the discovery deadline and that the subpoena is improper because Yankton County Jail is a party herein.  Id.

## DISCUSSION

### A. The Stages of Litigation

#### 1. Discovery

To assist Ms. Schurman, the court provides the following explanation.  A civil case is initiated by filing a complaint and serving a copy of that complaint along with a summons on each defendant.  Each defendant then files a formal answer.  This frames the claims and issues for the lawsuit.  The "parties" to a lawsuit are the persons named in the caption of plaintiff's complaint:  the plaintiff and the defendants.  Anyone who is not named in the caption to plaintiff's complaint is a "non-party."

The next stage of the litigation is discovery. The parties can serve each other with written questions to be answered under oath—these are called interrogatories. The district court's scheduling order (Docket No. 11) limits the parties to serving a maximum of 25 interrogatories each. Docket No. 11 at p. 1, ¶ 2. The rules governing interrogatories are found in Federal Rule of Civil Procedure 33, a copy of which the district court provided to Ms. Schurman on February 11, 2022. <u>Id.</u> Interrogatories must be answered within 30 days of when they are received.

Another permissible way to conduct discovery on a party is to serve the other party with a request for the production of documents. This is governed by Federal Rule of Civil Procedure 34, a copy of which the district court previously provided to both parties. When a party receives a request for the production of documents, the party must, within 30 days after being served with the request, allow the requesting party to inspect the documents or provide copies of the documents which must be delivered to the requesting party.

Parties may also take oral depositions of other parties, which are recorded by a court reporter. <u>See</u> Fed. R. Civ. P. 30. The party being deposed is placed under oath and the party taking the deposition asks questions. The other party may also ask questions at the deposition after the requesting party has finished. The court reporter's fee and the cost of the transcript for the deposition are paid for by the party who noticed the deposition.

Subpoenas, both those that call for witness testimony and those that call for the production of documents, are governed by Federal Rule of Civil Procedure 45.  If a non-party is to be deposed, a subpoena must be used to compel their attendance at a deposition, a hearing, or a trial.  Documents are obtained from non-parties through the service of a subpoena *duces tecum.*  Non-parties cannot be served with interrogatories and requests for documents under Rules 33 and 34.

The parties serve each other with discovery requests and the appropriate responses thereto, but those discovery requests and responses are not to be filed with the court.

Rule 26, again a copy of which the district court has given Ms. Schurman, explains the appropriate scope of discovery and the types of objections to discovery which may be made.  If a party objects to certain discovery requests or fails to respond to discovery requests, the requesting party has an obligation to contact the responding party and attempt in good faith to work out a compromise with regard to the disputed discovery requests.  See Fed. R. Civ. P. 37(a)(1).  Only after making this effort to resolve the dispute without involving the court may a party file a motion to compel the other party to disgorge discovery.  A party who files a successful discovery motion may be awarded sanctions against the other party, especially in the form of the moving party's attorney's fees in preparing the motion.

### 2. Dispositive Motions

After the discovery phase is over, either party or both parties may file a motion seeking to have the court and not a jury determine the entire case or certain issues in the case. This is done pursuant to Federal Rule of Civil Procedure 56. In this district, a party moving for summary judgment under Rule 56 must include with his or her motion a separate statement of undisputed material facts, individually numbered. Each assertion of fact must be supported by a document, an admission by the party opponent, or an affidavit. The moving party must also file a brief containing law and argument demonstrating that the moving party is entitled to judgment as a matter of law.

The party against whom summary judgment is requested must respond to each of the moving party's statements of fact by either admitting or denying the fact, or stating that they cannot admit or deny because they do not have knowledge of facts which would allow them to admit or deny. Each denial of a statement of fact by the responding party must be supported by a document, an admission by the party opponent, or an affidavit. The responding party must also submit a brief containing law and argument demonstrating that the moving party is *not* entitled to judgment as a matter of law.

### 3. The Trial

If summary judgment motions are denied, or if such motions are not made, the case is tried. This is where the merits of the plaintiff's claims and defendants' defenses are presented. Evidence is presented, first by the plaintiff, who has the burden of proof. Evidence can take the form of witness

testimony under oath, stipulations by the parties (facts that the parties agree upon), and documents. Documents are usually marked as exhibits and offered for admission. The other party may object if there is a reason to do so. Then the district court decides whether to allow the exhibit into evidence or not. After the plaintiff has presented her case, the defendant has an opportunity to present evidence.

At the end of the trial, the jury renders a verdict in favor of the party they believe should prevail. The district court then usually enters a judgment based on the verdict. After judgment is entered, the losing party may appeal to the Eighth Circuit.

**B.   The Currently-Pending Motions**

   **1.   Docket Nos. 22 & 35**

The motion at Docket No. 22 must be denied and the motion at Docket No. 35 must be granted because, as the district court previously explained to Ms. Schurman, she cannot serve Yankton County Jail, which is a party to this litigation, with subpoenas. Instead, she must use the methods of discovery that are made for use with parties: interrogatories (Rule 33), requests for the production of documents (Rule 34), and depositions (Rule 30). Ms. Schurman is admonished to read these rules and comply with the procedures described in them.

Ms. Schurman's renewed request for the "admission" of exhibits in her motion at Docket No. 22 is also denied. As the district court explained, and as also explained above, exhibits may be used in moving for summary judgment

11

or responding to summary judgment motions. Otherwise, they are to be offered for admission at a hearing or a trial. Barring a summary judgment motion, a hearing, or a trial, documents are simply discovery and should be kept by the parties but not filed with the court.

### 2. Docket No. 25

Ms. Schurman's complaint requested damages in the amount of $1,500. Her pleading at Docket No. 25 seeks to increase the amount of damages she is requesting in this lawsuit. Defendants object to the motion in boilerplate language and note that Ms. Schurman has not referenced any rule or law upon which her motion is based. Docket No. 27.

The court interprets Ms. Schurman's motion to be an attempt to amend her complaint so as to increase the amount of damages requested therein. Motions to amend a complaint after an answer has been filed are governed by Federal Rule of Civil Procedure 15(a)(2). That rule dictates that amendments should be freely given when justice so requires. Defendants do not argue that they would be prejudiced by the amendment. The proposed amendment does not substantively change any of Ms. Schurman's claims. Accordingly, the court will grant the motion. Ms. Schurman is directed to file an amended complaint with the court within 14 days of this order with the updated damages request reflected in the amended complaint.

### 3. Docket No. 28

Both interrogatories and requests for production must be responded to within 30 days after they are served. Fed. R. Civ. P. 33 & 34. A "response" is

either producing the answer or document requested or inserting a proper objection to the request based on a legal right. Both responses and objections must be made in writing and delivered to the other party. Answers to interrogatories must be given under oath.

Before a discovery motion can be filed, the moving party must attempt in good faith to resolve the issue with the opposing party. Fed. R. Civ. P. 37(a)(1). The court finds defendants satisfied this precondition by sending Ms. Schurman a letter.

The court grants defendants' motion to compel at Docket No. 28. Ms. Schurman is directed to provide written responses to defendants' interrogatories, under oath, within 14 days from the date of this order. Ms. Schurman is directed to identify documents in response to defendants' request for the production of documents and either provide copies of those documents to defendants, or allow defendants to inspect her documents, all within 14 days of the date of this opinion.

The court denies defendants' motion for attorney's fees—this time. Ms. Schurman is a lay person and uneducated in the law. Nevertheless, Ms. Schurman is now on notice of what the law requires of her. She is expected henceforth to know, understand and follow the Federal Rules of Civil Procedure.

Normally, when a motion to compel is granted, the moving party is entitled to sanctions which can include the cost of the moving party's attorney's fees that were incurred in making the motion. See Fed. R. Civ.

P. 37(d)(3). If Ms. Schurman neglects her responsibilities in the future in regard to discovery requests made of her by defendants, the court will not deny a request for attorney's fees again based on Ms. Schurman's lay status.

## CONCLUSION

Based on the foregoing facts, law and analysis, it is hereby

ORDERED that Ms. Schurman's motion at Docket No. 22 is denied in its entirety. It is further

ORDERED that defendant Yankton County Jail's motion at Docket No. 35 is granted and the subpoena served on it by Ms. Schurman is quashed. It is further

ORDERED that Ms. Schurman's motion at Docket No. 25 is granted. Ms. Schurman is directed to file an amended complaint within 14 days of the date of this opinion containing her updated damages request. Defendants shall file an amended answer to the amended complaint within 14 days of the filing of the amended complaint with this court. It is further

ORDERED that defendants' motion to compel, Docket No. 28, is granted in part and denied in part. Ms. Schurman is ordered to file written sworn responses to defendants' interrogatories and responses to the requests for the

production of documents within 14 days of the date of this order. Defendants' request for attorney's fees is denied.

DATED this 26th day of August, 2022.

BY THE COURT:

VERONICA L. DUFFY

United States Magistrate Judge