UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| STEPHANIE SCHURMAN, a/k/a Stephanie Amanda Schurman,<br><br>Plaintiff,<br><br>vs.<br><br>MARK PAYER, in his official capacity; and JIM VHLAHAKIS, in his official capacity,<br><br>Defendants. | 4:21-CV-04156-KES<br><br><br><br>ORDER GRANTING DEFENDANTS' MOTION TO DISMISS |

Plaintiff, Stephanie Schurman, proceeding *pro se*, brings claims under 42 U.S.C. § 1983 against defendants, Mark Payer and Jim Vhlahakis. *See* Docket 1. Defendants move to dismiss the complaint under Federal Rule of Civil Procedure 37(d)(3). Docket 41.

## BACKGROUND

Schurman alleges that defendants violated her First Amendment rights by retaliating against her for exercising her right to access the courts while she was detained at the Yankton County jail. Docket 1 at 1, 3. On January 6, 2022, the court granted Schurman's motion to proceed in forma pauperis and motion to file documents electronically.[1, 2] Docket 7. On May 13, 2022, defendants

---

[1] In the same order, the court conducted a 1915A screening of Schurman's claims and dismissed all her claims except her claim against Payer and Vhlahakis in their official capacities for deprivation of her right to access the courts. Docket 7 at 11.
[2] On February 22, 2022, Schurman informed the court that she was unable to set up her PACER account and no longer wished to receive filings

served Schurman with interrogatories and requests for production of documents. *See* Docket 28; Fed. R. Civ. P. 33, 34. Schurman did not respond to those requests or indicate any objections to the discovery requests. Docket 28. On June 22, 2022, defendants sent Schurman a letter inquiring about her responses to the discovery requests. Docket 30 at 1. Schurman again did not respond. *Id.* at 2. Defendants then filed a motion to compel and sought an award of attorney's fees under Rule 37.[3] Docket 28. On August 26, 2022, Magistrate Judge Duffy granted defendants' motion to compel but denied the award of attorney's fees. Docket 40 at 14-15.

Magistrate Judge Duffy's order provided an overview of the stages of litigation and the Federal Rules of Civil Procedure relating to discovery. *Id.* at 7-11. The order also gave Schurman notice that going forward, she would be expected to understand and follow the Federal Rules of Civil Procedure. *Id.* at 13. Schurman was warned that the court, if requested, would not deny awarding financial sanctions to defendants if she neglected her responsibilities regarding discovery in the future. *Id.* at 14. Lastly, Magistrate Judge Duffy ordered Schurman to comply with defendants' discovery requests within 14 days. *Id.* at 14-15.

---

electronically. She requested that all documents be mailed to her. She later updated her address with the court on two occasions, and her electronic filing privileges were reactivated. Dockets 12, 21. Shortly after her second address update, mail to Schurman was returned as undeliverable, but she continued to receive documents electronically. Dockets 24, 26.

[3] The court referred the motion to compel to Magistrate Judge Veronica L. Duffy for ruling. Docket 39.

Schurman failed to comply with Magistrate Judge Duffy's order and has not responded to defendants' discovery request. *See* Docket 43 at 1. On September 21, 2022, defendants filed a motion to dismiss Schurman's claims under Rule 37(d)(3) as a sanction for Schurman's failure to respond to defendants' discovery requests. *Id.* It has been over eight months and Schurman has not responded to defendant's motion to dismiss.

## DISCUSSION

If a party is served with proper notice and fails to respond to discovery requests, the court is allowed to order sanctions. Fed. R. Civ. P. 37(d)(1)(A)(ii). Specifically, the court can dismiss the action in whole or in part. Fed. R. Civ. P. 37(b)(2)(A)(v). Under FRCP 37(d), a motion to compel is not required for dismissal. *See Aziz v. Wright*, 34 F.3d 587, 589 (8th Cir. 1994). Dismissal can be appropriate when a party fails to properly partake in discovery after repeated notices and reminders. *Bailey v. First Transit Inc.*, No. 20-1238, 2022 WL 2670068, at *2, 2022 U.S. Dist. LEXIS 121434, at *5 (D. Minn. July 11, 2022). If a party receives proper notice and fails to provide an explanation for its absences, the party is not substantially justified in its absences. *Id.* at *3, 2022 U.S. Dist. LEXIS 121434, at *6.

### I.  Dismissal of Claim

Dismissal of a case was warranted when a party was given notice and multiple email remainders of upcoming depositions but still failed to appear. *See id.* at *3, 2022 U.S. Dist. LEXIS 121434, at *7. In *Bailey*, the plaintiffs were properly served with notice twice for an in-person deposition. *Id.* at *2, 2022

3

U.S. Dist. LEXIS 121434, at *4. Both times, the plaintiffs did not confirm their attendance at the depositions. *Id.* The court found that the plaintiffs' objection to the depositions was not an excuse for their failure to attend the depositions and dismissed the complaint with prejudice. *Id.* at *2, 2022 U.S. Dist. LEXIS 121434, at *5.

Although dismissal is an "extreme sanction," *see id.* at *2, 2022 U.S. Dist. LEXIS 121434, at *3, the court finds that dismissal is warranted here. Schurman was given various opportunities and notices to respond to defendants to further the discovery process and gave no response at all. The court provided Schurman a copy of Federal Rule of Civil Procedure 33 on February 11, 2022, containing the guidelines Schurman needed for her *pro se* filing. Docket 40 at 8. Defendants served interrogatories and requests to produce documents on Schurman on May 13, 2022. Docket 28 at 1. Schurman made no objections, filed no papers or pleadings with the court, and did not communicate or respond to defendants. *Id.* When Schurman failed to respond in a timely manner, defendants' counsel sent a letter to Schurman on June 22, 2022, inquiring about her lack of responses to the interrogatories and requests for production. Docket 30 at 1. After Schurman again failed to respond to defendants' requests, Magistrate Judge Duffy granted defendants' motion to compel. Docket 40 at 13.

While a motion to compel is not required for granting dismissal, *see Aziz*, 34 F.3d at 589, the court views the filing of such a motion as indicative of the seriousness and disregard shown by Schurman towards the discovery process.

4

Schurman was provided ample time to acquaint herself with the appropriate procedures for discovery. The plaintiffs in *Bailey*, similar to Schurman, provided no reasoning and no explanation for their lack of participation in the discovery process. *See* 2022 WL 2670068, at *2, 2022 U.S. Dist. LEXIS 121434, at *6. Not only has Schurman failed to provide the documents requested by defendants, but she has also failed to provide an explanation as to why she is not properly participating in the discovery process.

The court finds the dismissal of Schurman's claim warranted because Schurman was given more than enough time to respond to the interrogatories and requests for production of documents and failed to do so after various reminders. *See Hunt v. City of Minneapolis*, 203 F.3d 524, 527-29 (8th Cir. 2000) (affirming the district court's dismissal of a case after the plaintiff willfully disregarded court orders in a "persistent pattern of intentional delay"); *Stevenson v. Bartlo*, 8 F. App'x 580, 581 (8th Cir. 2001) (per curiam) (affirming the district court's decision to dismiss a case when the defendants provided three reminders of the deposition and the plaintiffs still failed to attend); *Setzke v. Whitmill*, 241 F. App'x 351, 352-53 (8th Cir. 2007) (per curiam) (affirming the district court's dismissal of a case when the plaintiff had received notice of two depositions and failed to appear to either). Not only did Schurman fail to respond to the motion to dismiss, *see* Docket 41, but she *still* has not responded to any inquiries sent. No explanation has been given and no communication on Schurman's end has occurred to this date, further delaying resolution of this case.

5

## II.     Attorney's Fees

The court must require the party failing to act to pay for reasonable expenses, such as attorney's fees, that are caused by the failure "unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3). The court finds that Schurman's failure to respond to the interrogatories, the requests for production of documents, the motion to compel, and the motion to dismiss was not substantially justified. *See* Docket 43. Magistrate Judge Duffy declined to award attorney's fees when granting defendants' motion to compel because of Schurman's status as a layperson and her lack of knowledge of the law. Docket 40 at 13. Schurman's complaint alleged that her impoverishment and Yankton County Jail fees rendered her unable to access the courts, and she was granted leave to proceed in forma pauperis. Docket 1 at 1; Docket 7. Thus, the court concludes that Schurman's in forma pauperis status provides a separate circumstance that would make the award of attorney's fees unjust.

## CONCLUSION

Schurman was given sufficient notice to respond to defendants' interrogatories, requests for production, motion to compel, and motion to dismiss. Despite sufficient notice, she has failed to respond. Thus, it is

6

ORDERED that the Defendants' motion to dismiss Schurman's claim under 42 U.S.C. § 1983 (Docket 41) is granted.

Dated June 21, 2023.

                              BY THE COURT:

                              */s/ Karen E. Schreier*
                              KAREN E. SCHREIER
                              UNITED STATES DISTRICT JUDGE