UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| STEPHANIE SCHURMAN a/k/a Stephanie Amanda Schurman, <br><br> Plaintiff, <br><br> vs. <br><br> MARK PAYER, in his official capacity; and JIM VHLAHAKIS, in his official capacity, <br><br> Defendants. | 4:21-CV-04156-KES <br><br><br> ORDER DENYING PLAINTIFF'S POST-DISMISSAL MOTION TO AMEND, MOTION TO REOPEN THE CASE, MOTION FOR APPOINTMENT OF COUNSEL, AND MOTION FOR COPIES |

Plaintiff, Stephanie Schurman, commenced a pro se civil rights lawsuit under 42 U.S.C. § 1983. Docket 1. Schurman alleges that defendants violated her First Amendment rights by retaliating against her for exercising her right to access the courts while she was detained at the Yankton County jail. *Id.* at 1, 3. When Schurman did not respond to defendants' interrogatories and requests for production of documents, defendants filed a motion to compel and requested attorney's fees. Docket 28. Magistrate Judge Veronica L. Duffy granted defendants' motion to compel but denied the request for an award of attorney's fees. Docket 40 at 14–15. Schurman did not comply with Magistrate Judge Duffy's order directing her to respond to defendants' discovery requests. Docket 42 ¶ 6. Because Schurman did not comply with Magistrate Judge Duffy's order, defendants filed a motion to dismiss Schurman's claims under Federal Rule of Civil Rule 37(d)(3). Docket 41. Schurman did not respond to

defendants' motion to dismiss. Thus, this court granted defendants' motion to dismiss and entered judgment in favor of defendants on June 21, 2023. Dockets 44, 45.

On July 21, 2023, Schurman filed a motion for leave to amend her complaint and a proposed amended complaint. Dockets 48, 48-1. In her proposed amended complaint, Schurman alleges additional claims against defendants Mark Payer and Jim Vhlahakis and asserts claims against Todd Brandt, the Yankton County Jail Administrator, and Tyler Larson, the Yankton County State's Attorney. Docket 48-1. Schurman alleges that defendants Payer and Vhlahakis conspired with Brandt and Larson "to withhold the plaintiff['s] own records from her, causing this court to dismiss the case for failure to provide discovery." *Id.* at 1. Defendants oppose Schurman's motion to amend (Docket 49) and request that the court strike the pleading Schurman filed in response to defendants' opposition to her motion to amend (Docket 51). Defendants also request that the court enter an order prohibiting Schurman from filing any additional motions in this action. Docket 54. Schurman moves to reopen the case and for appointment of counsel. Docket 52. Finally, Schurman requests that the court provide to her a copy of the 2021 and 2023 versions of the Federal Rules of Civil Procedure and the District of South Dakota's Civil Local Rules of Practice. Docket 53.

## I.    Schurman's Motion to Amend

Federal Rule of Civil Procedure 15(a)(2) provides that a party may amend its pleadings with leave of the court and that "[t]he court should freely give

leave when justice so requires." Fed. R. Civ. P. 15(a)(2). But "different considerations apply to motions filed after dismissal." *Dorn v. State Bank of Stella*, 767 F.2d 442, 443 (8th Cir 1985) (per curiam). The Eighth Circuit has instructed that it is inappropriate to grant a motion for leave to amend if "dismissal of the complaint also constitutes dismissal of the action." *Greier v. Mo. Ethics Comm'n*, 715 F.3d 674, 677 (8th Cir. 2013) (cleaned up and citation omitted). The distinction between dismissal of a complaint and dismissal of the entire action often turns on whether the court intended the dismissal to be a final, appealable order. *Id.* In this case, the court intended its order granting defendants' motion to dismiss under Rule 37(d)(3) to be a final, appealable order. The court entered judgment with prejudice in favor of defendants and against Schurman based on its order granting defendants' motion to dismiss. Docket 45. Schurman's motion to amend (Docket 48), which was filed after entry of a judgment of dismissal, is denied. *See Mountain Home Flight Serv., Inc. v. Baxter Cnty., Ark.*, 758 F.3d 1038, 1046 (8th Cir. 2014) (finding that the district court did not abuse its discretion in denying a motion to amend the complaint filed after dismissal of the action).

## II.   Schurman's Motion to Reopen the Case and for Appointment of Counsel

Schurman moves for appointment of counsel and to reopen the case because her complaint has merit and "it has been shown that a valid question of law and fact has been presented for determination by the court after a fair evidentiary hearing is held to address the defendant's refusal to provide the

plaintiff's own records so as obstruct her ability to provide discovery[.]" Docket 52 at 1. Schurman attached excerpts of the Rules Governing Section 2254 Cases in support of her motions. *Id.* at 4. The Rules Governing Section 2254 Cases are not a basis for reopening this case or appointing counsel for Schurman.

The court has reviewed the interrogatories and requests for production of documents that were served by defendants. *See* Docket 29 at 5–8. It is not clear why Schurman could not have responded to these discovery requests without her Yankton County jail records. Further, if Schurman was unable to respond to defendants' discovery requests because of defendants' actions or inactions, Schurman should have brought this to Magistrate Judge Duffy's attention when the motion to compel was pending or after Schurman received a copy of the order granting defendants' motion to compel and directing her to respond to defendants' discovery requests. When defendants filed a motion to dismiss, Schurman did not respond to the motion or take any steps to inform the court that she was unable to respond because defendants had refused to provide her copies of her own records. For these reasons, Schurman's motion to reopen the case and for appointment of counsel (Docket 52) is denied.

## III.   Schurman's Motion for Copies

Schurman requests that the court provide to her hard copies of the 2021 and 2023 Federal Rules of Civil Procedure. Docket 53. Schurman alleges that she has a "disability that interferes with cognition and ability to visually focus on very small electronic print for long periods of time." *Id.* Because of her

disability, it is difficult for her to read and navigate the Federal Rules of Civil Procedure using the small iPad Yankton County jail provides to access an online Lexis library. *Id.*

Along with the court's scheduling order, the court provided to Schurman a copy of the District of South Dakota's Civil Local Rules of Practice and copies of Federal Rules of Civil Procedure 26, 33, 34, 35, 37, and 56. Docket 11 ¶ 4. In the order granting defendants' motion to compel, Magistrate Judge Duffy provided a detailed explanation of the stages of civil litigation, including discovery. Docket 40 at 7–11. Schurman's motion for copies (Docket 53) is denied. If Schurman has a disability that requires accommodation to access the online Lexis library, her request for accommodation should be directed to the Yankton County Jail, not to this court. Finally, Schurman's request for authorization to access the South Dakota Federal District Law Library is denied. The District of South Dakota does not have a publicly accessible law library.

## IV.    Defendants' Motions

Schurman titled her response to defendants' opposition to her motion to amend as "Plaintiff's Counterclaim and Argument Against Defendant's [sic] Response Filed August 2[nd,] 2023."  Docket 50. Defendants move to strike Schurman's pleading because the District of South Dakota's Civil Local Rules of Practice do not provide for a "counterclaim and argument" pleading. Docket 51. But the Local Rules do provide for a reply brief. *See* D.S.D. Civ LR 7.1.B. Notwithstanding the title, this court construes Schurman's pleading as a reply

brief in support of her motion to amend. Defendants' motion to strike (Docket 51) is denied.

Defendants also request that the court enter an order prohibiting Schurman from filing additional documents in this action. Docket 54. Defendants do not cite any authority in support of their motion. Given Schurman's pro se status, at this stage of the proceedings, the court is not inclined to enter an order prohibiting Schurman from filing any further motions, although the court notes that any further motions are likely not to be meritorious.

In her proposed amended complaint, Schurman alleges that Yankton County Jail Administrator Todd Brandt, relying on the advice of Yankton County State's Attorney Tyler Larson, has refused to complete and return to Schurman a prisoner trust account form. Docket 48-1 at 2. As a result, Schurman has been unable to file any other cases in the District of South Dakota. *Id.* In this case, the court granted Schurman's motion for leave to proceed in forma pauperis (Docket 7), and Schurman concedes that she does not need a prisoner trust account form for the current case. Docket 48-1 at 3. The Prison Litigation Reform Act requires that "[a] prisoner seeking to bring a civil action . . . without prepayment of fees . . . shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2). The term "prisoner" is broadly defined

and does not appear to exclude persons incarcerated or detained in county jails, *see id.* § 1915(h), but this issue is not before the court. If Schurman files a complaint and motion to proceed in forma pauperis in the District of South Dakota, if necessary, the court will address within that case any request for relief Schurman may make if she is unable to file a certified prisoner trust account form. *See, e.g., Ross v. Gant*, 2020 WL 6946472, at *1–2, 2020 U.S. Dist. LEXIS 221081, at *2–4 (S.D. Ind. Nov. 25, 2020) (recognizing that in some circumstances it is appropriate for a district court to order a prison or jail to complete and provide to the clerk of court a certified prisoner trust account form).

Thus, it is ORDERED:

1.  That Schurman's motion to amend (Docket 48) is denied.

2.  That Schurman's motion for appointment of counsel and to reopen the case (Docket 52) is denied.

3.  That Schurman's motion for copies (Docket 53) is denied.

4.  That defendants' motion to strike (Docket 51) is denied.

5.  That defendants' request for an ordering prohibiting plaintiff from filing additional motions (Docket 54) is denied.

Dated November 13, 2023.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE